IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                                             No. 17-10004-JTM

GREGGORY K. O'NEAL,
         Defendant.

MEMORANDUM AND ORDER

Defendant Greggory O'Neal has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on his physical and mental condition (O'Neal states he suffers from depression, bipolar disorder, adjustment disorder, and obesity), and the associated risk presented by the COVID-19 virus. The statute provides that the court may reduce a criminal sentence if there are extraordinary and compelling reasons which warrant such a reduction, and if the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). O'Neal was convicted in 2017 of one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841. In light of the amount of large amount of methamphetamine involved

(Dkt. 68, at 6-12) and his criminal history (*id*. at 18), O'Neal was sentenced to 60 months imprisonment. (Dkt. 35).[1]

Here the defendant has failed to document any medical condition which would in fact place him at a higher risk from the COVID-19 virus. Most of his motion (Dkt. 92, at 1-9) addresses the threat of the virus only at the most generic level. In addition, most of the impairments cited by the defendant involve his mental state, and are not recognized virus risk factors.[2] Obesity, or course, can be a risk factor, but O'Neal has failed to quantify or document his condition.[3]

More important, *even if* the defendant had otherwise shown that he faced a heightened risk from the virus, release would be inconsistent with § 3553(a). The defendant engaged in methamphetamine trafficking on a large scale, and has a substantial history of drug trafficking. At 36 years of age, O'Neal is a younger individual. The court finds that a release now would fail to reflect the seriousness of his offense, the need to provide just punishment, and to promote respect for the law.

---

[1] After the government filed a prompt Response to his motion on August 11, 2020 (Dkt. 94), the defendant requested and received an extension of time to file a Reply, up to September 18, 2020. (Dkt. 96). However, the defendant has filed neither a Reply nor requested extension. The court concludes that further delay in resolving the defendant's motion would be misplaced, a motion which emphasizes the need for emergency relief to avert the "life-threatening risk to Mr. O'Neal." (Dkt. 92, at 13).

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 24, 2020).

[3] The medical records attached to O'Neal's motion consistent the records of two visits *2014* visits to a Prarie View, Inc., and are focused on his mental condition some six years ago. His personal affidavit merely states that he was "borderline obese" when he arrived in prison, and that he has "gained weight from all the sugary food they give us." (Dkt. 92-5).

IT IS ACCORDINGLY ORDERED this day of September, 2020, that the defendant's Motion for Compassionate Release (Dkt. 92) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge